IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENCINO GARDENS APARTMENTS, INC.,

        Plaintiff,

v.                                    No. 16cv55 MCA/KK

GALEN J. SMITH,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on:

(i) Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Form), Doc. 17 ("Long Form IFP Application");

(ii) Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2 ("Short Form IFP Application");

(iii) Defendant's Motion for Leave to File Out of Time His Response to Plaintiff's January 27, 2016 Motion to Remand, Doc. 13 ("Motion for Extension of Time"); and

(iv) Plaintiff's Motion for Immediate Remand and for Sanctions, Doc. 8 ("Motion for Remand and Attorneys' Fees");

For the reasons stated below, the Court will:

(i) **GRANT** the Long Form IFP Application;

(ii) **DENY** the Short Form IFP Application **as moot**;

(iii) **GRANT** the Motion for Extension of Time;

(iv) **GRANT** the Motion for Remand and Attorneys' Fees.

**Applications to Proceed** *in forma pauperis*

Defendant filed his first Application to proceed *in forma pauperis* using the Short Form which does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. *See* Doc. 2. Plaintiff later complied with the Court's Order to

Cure Deficiency, Doc. 9, and filed his second Application to proceed *in forma pauperis* using the Long Form.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010)(citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008)(citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. at 339.

The Court will grant Defendant's Long Form IFP Application. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and provided the following information: (i) his average monthly income is $758.00 in disability and public

2

assistance; (ii) his monthly expenses are $757.10; (iii) the total value of his assets is $4,300.00; and (iv) he is unemployed.  See Long Form Application at 1-5.  The Court finds that Defendant is unable to pay the filing fee, because he is unemployed and his monthly expenses equal his monthly income.

Because it is granting Defendant's Long Form IFP Application, the Court will deny Defendant's Short Form IFP Application as moot.

**Motion for Extension of Time**

Defendant filed his Response, Doc. 14, to Plaintiff's Motion for Remand six days after the Response was due.  Defendant filed a Motion for Extension of Time to file his Response concurrently with his Response.  Plaintiff did not file a response opposing Defendant's Motion for Extension of Time.  The Court will grant the Motion for Extension of Time.

**Motion for Remand and Attorneys' Fees**

Plaintiff Encino Gardens initiated this eviction action by filing a Petition for Restitution in Bernalillo County Metropolitan Court alleging that Defendant breached the lease agreement.  *See* Motion for Remand at 1.   The Petition alleges:

> The property spent significant amount of money to exterminate bed bugs from the entire property and Mr. Smith failed to cooperate in the process after providing him with the tools and the assistance, including Adult Protective Services.  This is a severe Health and Safety issue for him as well as the rest of the residents that live here.

Notice of Removal at 4.  The two Notices of Noncompliance with Rental Agreement, attached to the Petition, state that Defendant "has been given 23 days in which to complete treatment with pest control strips in containers provided, and to get rid [of excessive] clutter in apartment and storage area."  Notice of Removal at 5-6.

3

Plaintiff filed a Motion for Immediate Remand and for Sanctions. See Doc. 8. Plaintiff contends that there is no diversity of citizenship and that "there is no federal cause of action invoked by the Petition." Motion for Remand at 1. Defendant does not dispute Plaintiff's contention that there is no diversity of citizenship.

Defendant removed the case to this Court alleging that "whether Encino has grounds to terminate Plaintiff's lease is a question of federal law, governed by 24 C.F.R. Part 247." Notice of Removal at 2, Doc. 1. 24 C.F.R. Part 247 states that the "landlord may not terminate any tenancy in a subsidized project except upon the following grounds: (1) material noncompliance with the rental agreement . . . (4) other good cause," and sets forth the requirements for termination notice and eviction. "Material noncompliance" includes repeated minor violations that adversely affect health or safety, or interfere with the management of the project. Defendant contends that the Petition presents the following two federal questions:

> (a) Does the HUD definition of "excessive clutter" have to be met for there to exist a ground for termination of a HUD lease, or can Plaintiff merely concoct its own or use some other basis for terminating Defendant's lease;
>
> (b) Does the Petition allege facts showing Defendant violated HUD leasing standards."

Response at 2, Doc. 14.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a).

> Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses. . . ." Under the "well-leaded complaint" rule, "a suit arises under federal law 'only when

4

the plaintiff's statement of his own cause of action shows that it is based' on federal law." "By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court."

*Devon Energy Production Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (citations omitted). "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) ("The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases"); *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (the "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." Instead, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum") (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 313 (2005)). "[T]hat the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011).

Defendant improperly removed this action to this Court. Plaintiff's Petition seeks restitution for Defendant's alleged breach of the rental agreement. Nowhere on the face of the Petition does it appear that Plaintiff is claiming a right to recover under the Constitution or laws of the United States. Nor is there diversity of citizenship. The issue of whether "excessive clutter" constitutes grounds to terminate a lease, such as material noncompliance with the rental agreement or other good cause, is not a substantial question of federal law. While Defendant may raise the

"excessive clutter" issue as a defense, the Court in determining whether Plaintiff's claim arises under federal law, must ignore potential defenses; a federal defense is not sufficient to invoke federal question jurisdiction.  Consequently, there is no federal jurisdiction to hear Plaintiff's Petition.  The Court will, therefore, remand this case.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Plaintiff also contends that that the Court should award the Plaintiff its attorneys' fees for Defendant's improper filing of the Notice of Removal.  Motion for remand at 3-4.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

> "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

*Porter Trust v. Rural Water Sewer and Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).  "[T]he broadly accepted position that if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate."  *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004), aff'd, 546 U.S. 132, 140 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are

satisfied."). The fact that Defendant "is a pro se litigant does not prevent the court from imposing sanctions." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

The Court will grant Defendant's request for an award of attorneys' fees. Defendant lacked an objectively reasonable basis for seeking removal because his removal is not fairly supported by the law. The Court lacks jurisdiction because Plaintiff's Petition presents no federal cause of action, nor is there diversity of citizenship. Defendant's alleged issue of whether "excessive clutter" constitutes grounds to terminate a lease is not a substantial question of federal law, and, as a defense, is not sufficient to invoke federal question jurisdiction.

**IT IS ORDERED** that:

(i) Defendant's Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (Form), Doc. 17, is **GRANTED;**

(ii) Defendant's Short Form Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, is **DENIED as moot;**

(iii) Defendant's Motion for Leave to File Out of Time His Response to Plaintiff's January 27, 2016 Motion to Remand, Doc. 13, is **GRANTED;** and

(iv) Plaintiff's Motion for Immediate Remand and for Sanctions, Doc. 8, is **GRANTED.** Plaintiff's request for attorneys' fees is **GRANTED**. Plaintiff shall have fourteen days from entry of this Order to file supporting documentation. Defendant shall have fourteen days from service of Plaintiff's supporting documentation to object to the amount of attorneys' fees, claimed by Plaintiff.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**