# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ENCINO GARDENS APARTMENTS, INC.,

        Plaintiff,

v.                                                                                                                                           No. 16cv55 MCA/KK

GALEN J. SMITH,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

**THIS MATTER** comes before the Court on Defendant's Motion for Extension of Time to File Notice of Appeal of March 28, 2016, Memorandum Opinion and Order Remanding Case and Awarding Attorney Fees and the Purported March 31, 2017 Order on Motion for Rehearing, Doc. 30, filed May 30, 2017.

Plaintiff Encino Gardens Apartments, Inc. initiated this eviction action in Bernalillo County Metropolitan Court and filed a motion for remand after Defendant removed the action to this Court. The Court granted the Plaintiff's motion for remand on March 28, 2016. *See* Doc. 18. Defendant filed a Motion for Rehearing on March 28, 2016 Memorandum Opinion and Order Remanding Case and Awarding Attorney Fees. *See* Doc. 22, filed April 25, 2016. The Court denied Defendant's Motion for Rehearing on March 31, 2017. *See* Doc. 26. Defendant's Notice of Appeal was due on May 1, 2017. However, Defendant did not file his Notice of Appeal until May 3, 2017. *See* Doc. 27. Defendant subsequently his motion, now before the Court, for an extension of time to file his Notice of Appeal. *See* Doc. 30, filed May 30, 2017.

This Court "may extend the time [for filing a notice of appeal] upon a showing of 'excusable neglect or good cause,' if a party moves for an extension no later than thirty days after

the appeal time has expired." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004).

> The factors relevant to an excusable-neglect decision include the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. The time for taking an appeal should not be extended in the "absence of circumstances that are unique and extraordinary."

*Bishop v. Corsentino*, 371 F.3d at 1206-1207 (quotation marks and citations omitted). "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1162, 1163 (10th Cir. 2004). "In making its determination of whether there is excusable neglect, the district court must take "account of all relevant circumstances surrounding the party's [failure to file a timely notice]." *United States v. Dowling*, 211 Fed.Appx. 733, 735 (10th Cir. 2007) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

Defendant argues that his failure to timely file his Notice of Appeal constitutes excusable neglect. The Court finds that Defendant's mistake in confusing the date of service by the Clerk as the filing date is excusable. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (While *pro se* parties must follow the same rules of procedure as other litigants, courts, when liberally construing a *pro se* party's pleadings, "make some allowances for the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements").

The remaining factors, - the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, and whether the movant acted in good faith, also weigh in favor of a finding of excusable neglect. Defendant filed his Notice of Appeal only two days late. It does not appear that Plaintiff will be prejudiced by the two-day delay if

Defendant's appeal is permitted to proceed. And, there is no indication that Defendant acted in bad faith.

Having taken "account of all relevant circumstances" surrounding Defendant's failure to file a timely notice of appeal, the Court finds Defendant's untimely filing of his Notice of Appeal is the result of excusable neglect and will grant Defendant's Motion for an extension of time to file his Notice of appeal.

**IT IS ORDERED** that Defendant's Motion for Extension of Time to File Notice of Appeal of March 28, 2016, Memorandum Opinion and Order Remanding Case and Awarding Attorney Fees and the Purported March 31, 2017 Order on Motion for Rehearing, Doc. 30, filed May 30, 2017, is **GRANTED.**

_____
 **CHIEF UNITED STATES DISTRICT JUDGE**